# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

James Thomas Burke,

     Petitioner,

     v.                                  Civil Action No. 2:11-CV-275

T.J. Donovan, Chittenden County
State's Attorney,

     Respondent.[1]

## REPORT AND RECOMMENDATION
(Docs. 3, 4, 6 and 10)

Petitioner James Burke, a Vermont inmate proceeding *pro se*, has filed a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 3.)  At the time the

petition was filed, Burke was awaiting trial in state court on two counts of obstruction of

justice.  His habeas corpus petition challenges those charges on speedy trial and First

Amendment grounds.  Burke has since entered a plea of *nolo contendere* to one count of

obstruction of justice, and has been sentenced to four to five years in prison.  A direct

appeal is pending before the Vermont Supreme Court.

Respondent has moved to dismiss the petition, arguing (1) that this Court should

not interfere with an ongoing state court proceeding, (2) that Burke has not exhausted his

---

[1] Burke is in the custody of the Vermont Department of Corrections ("DOC").  Accordingly, and pursuant to Rule 2(a) of the Rules Governing Section 2254 cases, the Respondent should be the DOC Commissioner.  *See* Rules Governing Section 2254 Cases, Rule 2(a) ("the petition must name as respondent the state officer who has custody"); 28 V.S.A. § 701(a) ("When a person is convicted of an offense and the court commits him or her to a term of imprisonment, the commitment shall be to the custody of the commissioner.").  Because I am recommending dismissal, however, the Court need not require substitution of the Respondent by means of an amended petition.

state court remedies, and (3) that Burke's plea waived his claims. (Docs. 6 and 10.) For the reasons set forth below, I recommend that the motion to dismiss be GRANTED, that the petition be DENIED, and that this case be DISMISSED without prejudice for failure to exhaust state court remedies.

## Factual and Procedural Background

On November 24, 2003, Burke was arraigned and charged with furnishing alcohol to a minor and contributing to the delinquency of a minor. He represented himself at trial, and during the course of the trial was twice held in contempt by Judge Michael Kupersmith. Burke was ultimately found guilty of the offense. (Doc. 6-3.)[2]

On June 8, 2007, the State charged Burke with two counts of obstructing justice. Specifically, Burke was charged with intimidating a court officer by means of threatening communications. The first count alleged that Burke had unlawfully intimidated Judge Kupersmith by writing, in a motion to recuse, that Judge Kupersmith "has a death wish, which is O.K." (Doc. 3-1 at 73.) The motion also suggested that Burke had tried to find Judge Kupersmith's address in the phone book, made disparaging remarks about the Judge's family, and referred to a trial witness as a "walking dead scum bag." (*Id.* at 73-76.) The second count alleged that, at sentencing, Burke concluded his statement before Judge Kupersmith as follows: "South Burlington and Milton is a small, small world, okay, and it gets smaller every[ ]day, okay, so what do you call it, it's really best for us

---

[2] Burke has also been convicted on a separate sexual assault charge, and is serving a sentence of eighteen to twenty years for that offense. *See State v. Burke*, 2012 WL 2150345 (Vt. June 14, 2012); (Doc. 6-4.)

never to see each other again.  On the Streets or in here, okay?  Especially on the streets. You never want to see my friends either, hopefully."  (Doc. 6-2.)

Burke filed his habeas corpus petition in this Court on November 17, 2011.  The petition challenges the obstruction of justice charges, asking the Court to "dismiss this case for violations of both the First Amend[ment] and the federal Speedy Trial Act." (Doc. 3 at 13.)  Although not entirely clear from his petition, Burke may also be challenging the state courts' denial of his motion for leave to file an interlocutory appeal. On December 6, 2011, Respondent moved to dismiss the petition, arguing that the Court should abstain from reviewing the ongoing criminal proceeding pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  (Doc. 6.)  Respondent also argued that Burke had failed to exhaust his state court remedies.  (*Id.*)

On February 10, 2012, Burke entered a plea of *nolo contendere* to the first obstruction of justice count, specifically reserving his right to appeal.  The State dismissed the second count.  At a sentencing hearing held on February 22, 2012, Burke was sentenced to four to five years, to be served consecutive to his other sentence(s).[3]

After Burke's plea and sentencing, Respondent filed a supplemental motion to dismiss, arguing that the plea waived Burke's speedy trial and First Amendment claims. (Doc. 10.)  The record indicates that as of March 26, 2012, Burke's appeal with respect to his obstruction of justice conviction was pending before the Vermont Supreme Court.

---

[3] In addition to his habeas corpus petition, Burke has filed a "motion to stay lower court proceedings in this case until the resolution of the writ in this higher federal court."  (Doc. 4 at 1.)  The body of the motion specifically requests a stay of Burke's criminal case, which was proceeding at the time in Chittenden District Court.  Because that proceeding has since concluded, the motion (Doc. 4) is moot.

(Doc. 11-1 at 1-2.)  There is no indication in the record that the appeal has been heard, or a decision rendered.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2254, provides that a prisoner must exhaust his available state remedies before a federal court may consider his habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A); *Georgison v. Donelli*, 588 F.3d 145 (2d Cir. 2009).  To exhaust his state court remedies, "a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal court to the highest court in the pertinent state."  *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (quotation marks and citations omitted).  The exhaustion requirement is based upon "interests of comity and federalism [which] dictate that state courts must have the first opportunity to decide a petitioner's claims."  *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

A petitioner need not first seek state habeas review before submitting a petition under § 2254, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), but a complete review of his federal claims, by means of either a direct appeal or collateral review, is a prerequisite.  *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000) (noting that a state habeas petitioner "must first have presented his claim to the highest court of the state").  The burden of proving exhaustion lies with the petitioner.  *See Lopez v. Unger*, 2010 WL 3937190, at *4 (E.D.N.Y. Sept. 30, 2010) (citing *Colon v. Johnson*, 19 F. Supp. 2d 112, 120 (S.D.N.Y. 1998)).

In this case, Burke has not demonstrated exhaustion of his state court remedies.  In fact, his most recent filing indicates that he has commenced a state court appeal.  (Doc. 11-1.)  The document bears the same docket number as the lower court proceeding, and states that the appeal was docketed on or about March 26, 2012.  (*Id.* at 2.)  As noted above, there is no indication that the appeal, filed only three months ago, has been heard or decided.

Burke nonetheless argues that his remedies in state court have been exhausted.  He notes that his motion for leave to file an interlocutory appeal was denied on October 24, 2011, and references a petition for writ of certiorari filed with the United States Supreme Court on December 6, 2011.  (Doc. 7-1 at 127); (Doc. 9-1 at 1.)  The petition to the U.S. Supreme Court asks for substantive review of his First Amendment claims.  (Doc. 7-1 at 2.)

Burke may believe that his effort to file an interlocutory appeal, and the subsequent denial of his motion, constituted exhaustion.  However, denial of a motion for permission to file an interlocutory appeal generally "does not foreclose raising the . . . issue again on direct appeal."  *United States v. Calandra*, 706 F.2d 225, 228 (7th Cir. 1983).  Indeed, it appears from the record that Burke has now sought direct review of his conviction and/or sentence by the Vermont Supreme Court.

As discussed above, the exhaustion requirement is premised on the principles of federal-state comity.  "Because 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of

comity. . . ." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)).  The exhaustion rule also ensures that the federal government, "anxious though it may be to vindicate and protect federal rights and federal interests," does so in a way that "will not unduly interfere with the legitimate activities of the States."  *Younger v. Harris*, 401 U.S. 37, 44 (1971) (cited in *DiSimone v. Phillips*, 518 F.3d 124, 127 (2d Cir. 2008)).

Respondent's most recent argument – that Burke's plea of *nolo contendere* waived his claims – urges the Court to decide this case on the merits.  The Court does have discretion, under 28 U.S.C. § 2254(b)(2), to deny an unexhausted habeas petition on the merits.  *See Smith v. Texas*, 550 U.S. 297, 324 (2007); *Pratt v. Greiner*, 306 F.3d 1190, 1196-97 (2d Cir. 2002) ("In the absence of any legal obligation to consider a preliminary nonmerits issue, a court may choose in some circumstances to bypass the preliminary issue and rest its decision on the merits.") (citing 28 U.S.C. § 2254(b)(2)).  The Second Circuit has not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2), although several district courts within this circuit have applied a "patently frivolous" test for dismissing such claims.  *See Clark v. Superintendent of Cayuga Corr. Facility*, 2012 WL 2120698, at *3 n.1 (W.D.N.Y. June 11, 2012) (collecting cases).

Here, the merits of Burke's claims are certainly questionable.  *See, e.g., United States v. Warden of Attica State Prison*, 381 F.2d 209, 212 (2d Cir. 1967) (holding that plea of *nolo contendere* is a waiver of all nonjurisdictional defects, including federal constitutional claims, which might otherwise be raised by way of defense, appeal or

collateral attack); *United States v. Beale*, 620 F.3d 856, 865 (8th Cir. 2010) (noting that First Amendment does not protect "a true threat"). It is not clear, however, that his claims rise to the level of "patently frivolous." Moreover, for the Court to dismiss the petition on the merits would deprive the state courts of the first opportunity to address those claims, thereby frustrating the interests of comity that underlie the exhaustion rule set forth in the AEDPA. *See* 28 U.S.C. § 2254(b)(1)(A). Accordingly, I recommend that Burke's petition be DISMISSED without prejudice for failure to exhaust his state court remedies. *See, e.g., Hanson v. Moss*, 2010 WL 2990110, at *1 (E.D.N.Y. July 26, 2010) (petition is premature while state court appeal is pending); *Gibson v. Goord*, 2010 WL 2160094, at *1 (E.D.N.Y. May 26, 2010) (same); *Frazier v. Armstrong*, 2008 WL 5244136, at *2 (N.D.N.Y. Dec. 16, 2008) (same).

## Conclusion

For the reasons set forth above, I recommend that Burke's petition for writ of habeas corpus (Doc. 3) be DENIED; that his motion to stay lower court proceedings (Doc. 4) be DENIED as moot; that Respondent's motion to dismiss (Doc. 6) be GRANTED; that Respondent's supplemental motion to dismiss (Doc. 10) be DENIED as moot; and that this case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 26th day of June, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).